IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

XCENTRIC VENTURES, L.L.C., an
Arizona limited liability company, and
ED MAGEDSON, an individual,

       Plaintiffs,

vs.

BEN SMITH, in his individual capacity
as Sac County Attorney,

       Defendant.

No. C 15-4008-MWB

MEMORANDUM OPINION AND
ORDER REGARDING REPORT AND
RECOMMENDATION ON MOTION
FOR PRELIMINARY INJUNCTION
AND
PRELIMINARY INJUNCTION

_____

**TABLE OF CONTENTS**

I.    *REVIEW OF REPORT AND RECOMMENDATION* ............................. *1*

II.   *PRELIMINARY INJUNCTION* ...................................................... *3*

*APPENDIX: REPORT AND RECOMMENDATION ON MOTION FOR PRELIMINARY INJUNCTION*

## I.    REVIEW OF REPORT AND RECOMMENDATION

This case is before me on United States Magistrate Judge Leonard T. Strand's August 19, 2015, Report And Recommendation (docket no. 55). In his Report And Recommendation, Judge Strand recommends that the plaintiffs' February 16, 2015, Expedited Motion For Preliminary Injunction (docket no. 7) be granted, with certain limitations and caveats. Objections to the Report And Recommendation were due within

fourteen days of the service of a copy of Judge Strand's Report And Recommendation, that is, on or before September 2, 2015. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). No party filed a timely request for an extension of the deadline for objections, and no party filed any timely objections.

The applicable statute provides for *de novo* review by the district judge of a magistrate judge's report and recommendation, when objections are made. *See* 28 U.S.C. § 636(b)(1) (2006); *see also* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). On the other hand, in the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also Peretz v. United States*, 501 U.S. 923, 939 (1991) (stating that § 636(b)(1) "provide[s] for de novo review *only* when a party objected to the magistrate's findings or recommendations" (emphasis added)); *United States v. Ewing*, 632 F.3d 412, 415 (8th Cir. 2011) ("By failing to file objections, Ewing waived his right to de novo review [of a magistrate judge's report and recommendation on a suppression motion] by the district court."). The Eighth Circuit Court of Appeals has indicated, however, that, at a minimum, a district court should review the portions of a magistrate judge's report and recommendation to which no objections have been made under a "clearly erroneous" standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that, when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting that the advisory committee's note to FED. R. CIV. P. 72(b) indicates "when no timely objection

is filed the court need only satisfy itself that there is no clear error on the face of the record").

Here, in the absence of any objections, I have reviewed Judge Strand's Report And Recommendation for clear error. I find no such no clear error in Judge Strand's Report And Recommendation, in light of the record.

THEREFORE, I **accept** Judge Strand's August 19, 2015, Report And Recommendation (docket no. 55), *without modification*. 28 U.S.C. § 636(b)(1) (2006). Pursuant to his recommendation, the plaintiffs' February 16, 2015, Expedited Motion For Preliminary Injunction (docket no. 7) is **granted**, and a **preliminary injunction shall issue**, to the extent and in the terms set forth, below.

## II. PRELIMINARY INJUNCTION

Because the plaintiffs have shown a likelihood of success on the merits of their claim that certain conduct of defendant Ben Smith, in his individual capacity as the County Attorney of Sac County, Iowa, in investigating alleged wrongdoing by the plaintiffs, in the manner described more fully in the Report And Recommendation, appended hereto and incorporated by reference as if fully set out herein, violates their rights under the First Amendment to the United States Constitution, and

Because the plaintiffs have shown that such conduct of defendant Ben Smith is causing the plaintiffs irreparable harm,

DEFENDANT BEN SMITH, in his individual capacity as County Attorney of Sac County, Iowa, IS HEREBY PRELIMINARILY ENJOINED FROM THE FOLLOWING:

> A. Bringing criminal charges against Xcentric or Magedson related to any postings related to criticisms of the State or its evidence presented in *State v. Richter*.

3

B.  Continuing the investigation of Xcentric and Magedson such as sending search warrants or subpoenas to their banks, email providers, and other service providers.

C.  Reading Xcentric's privileged attorney-client communications.

D.  Disclosing Xcentric's attorney-client privileged communications to others.

E.  Disclosing Xcentric's financial and banking records to others.

F.  Disclosing Magedson's personal and private communications to others.

G.  Disclosing any communications or information obtained through investigation of Xcentric or Magedson.

NOTWITHSTANDING PARAGRAPHS D., E., F., AND G., ABOVE, defendant Ben Smith shall be permitted, upon written request, to disclose information gathered in the course of his investigation of Xcentric and Magedson to the Attorney General of Iowa or any other special prosecutor who may be appointed to investigate alleged criminal conduct on the part of Xcentric or Magedson.

THIS PRELIMINARY INJUNCTION SHALL ISSUE WITHOUT THE POSTING OF ANY BOND.

**IT IS SO ORDERED**.

**DATED** this 4th day of September, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA