IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| XCENTRIC VENTURES, LLC, an Arizona Limited Liability Company; and, ED MAGEDSON, Individually,<br><br>        Plaintiffs,<br><br>vs.<br><br>BEN SMITH, in his individual capacity and as Sac County Attorney,<br><br>        Defendant. | No. 15-CV-4008-LTS<br><br>**ORDER** |

_____

      This case is before the Court pursuant to discovery motions filed by nonparty, Shawn Richeson, and plaintiffs, Xcentric Ventures, L.L.C., and Ed Magedson. Specifically, Mr. Richeson filed, pro se, a document entitled Motion for Protective Order and Motion to Quash Subpoena and Motion for Costs & Request for Hearing. Docs. 101, 102, & 103. Plaintiffs, in turn, filed a document entitled, Motion to Compel the Production of Emails, Response to Motion for Protective Order. Doc. 105. Mr. Richeson responded to plaintiffs' motion. Doc. 106. Mr. Richeson also filed a document entitled Reply and Supplement to Non Party Richesons [sic] Motion for a Protective Order. Doc. 107. Plaintiffs replied to Mr. Richeson's response and to Mr. Richeson's motion for a protective order. Doc. 109. Defendant did not weigh in on any of the motions.

      On December 13, 2016, the Court held a telephonic hearing on the motions with counsel for plaintiffs and defendant and with Mr. Richeson appearing pro se.

At issue in the parties' various pleadings is the continuation of a deposition of Mr. Richeson and the production of documents.

Regarding the deposition, on April 5, 2016, Mr. Richeson was deposed by plaintiffs for approximately five or six hours. There was an intent to continue the deposition by telephone, but the parties, and Mr. Richeson, later agreed to continue Mr. Richeson's deposition on January 13, 2017, in Killeen, Texas. Later, plaintiffs served a subpoena on Mr. Richeson requiring his presence for the deposition to take place in Waco, Texas, approximately 60 miles from Mr. Richeson's residence. Plaintiffs indicate they needed to change the location of the deposition because it will be conducted by video link and needed to take place at the offices of Central Texas Litigation in Waco, Texas, the company that will operate the video link software. Mr. Richeson objected to the change in location and the costs associated with it, and objected to having his deposition taken again. Plaintiffs indicated a willingness to pay Mr. Richeson $250.00 to reimburse him for his travel costs.

During the hearing, Mr. Richeson agreed to being deposed again in Waco, Texas. Plaintiffs agreed to pay Mr. Richeson $250.00 to reimburse him for his costs. The Court will also impose a two-hour limit on any further deposition of Mr. Richeson. Accordingly, the Court adopts the parties' compromise as set forth above and to that extent grants in part and denies in part the parties' pleadings regarding the continued deposition of Mr. Richeson.

With regard to the production of documents, plaintiffs allege that Mr. Richeson did not produce documents required of him in the subpoena duces tecum. Plaintiffs also requested an order compelling Mr. Richeson "to allow mirroring of his hard drive" in order to recover emails that plaintiffs believe would be on the computer, but which Mr. Richeson allegedly testified in his deposition had been deleted. Mr. Richeson asserts he did produce documents responsive to the subpoena duces tecum. Nevertheless, Mr.

Richeson indicated in his pleadings that he has no objection to plaintiffs: (1) making forensic copies of the computer he used to communicate with defendant, which computer (a MacBook Pro) is currently owned by Cheryl Olmstead; (2) making forensic copies of his file server at Concentric; and (3) accessing his email account at Shawn@clickanerd.com. Doc. 106, at 7-10. Mr. Richeson also indicated that he was willing to create a CD and send the remaining documents requested in the second subpoena to plaintiffs' counsel by January 9, 2017. Plaintiffs indicated during the hearing that they were agreeable to these arrangements. Accordingly, the Court adopts the parties' compromise as set forth above. and therefore, grants in part and denies in part the parties pleadings regarding the production of documents.

To the extent either party sought costs or sanctions in relation to these motions, those requests are denied, except for the $250.00 reimbursement to be paid to Mr. Richeson in connection with his travel to the deposition.

Therefore, the Court **grants in part and denies in part** Mr. Richeson's Motion for Protective Order and Motion to Quash Subpoena and Motion for Costs & Request for Hearing (Docs. 101, 102, & 103), and **grants in part and denies in part** plaintiffs' Motion to Compel the Production of Emails, Response to Motion for Protective Order (105), as set forth above.

**IT IS SO ORDERED** this 19th day of December, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa