# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | | |
|---|---|---|
| ANNA MAY RICHTER, | ) | No. 16-cv-4098 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BEN SMITH, in his Individual | ) | |
| Capacity as Sac County Attorney, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S BRIEF IN SUPPORT OF THE
## MOTION TO CONSOLIDATE

| | | |
|---|---|---|
| XCENTRIC VENTURES, LLC, an | ) | No. 15-CV-4008-DEO |
| Arizona Limited Liability Company; and | ) | |
| ED MAGEDSON, an Individual, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BEN SMITH, in his Individual Capacity | ) | |
| as Sac County Attorney, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW, Defendant, Ben Smith, and submits this Brief in

Support of the Motion to Consolidate.

# BACKGROUND

Common questions of law and fact bind the two above captioned and nearly identical matters currently pending before this Court. The Court should consolidate these cases to eliminate unnecessary repetition and confusion, promote judicial convenience and economy, prevent the risk of prejudice and inconsistent verdicts, and promote the efficient and unified disclosure of information under one governing protective order.

# CONSOLIDATION STANDARD

> When actions involving common questions of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the matters consolidated; and it may make orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.[1]

This rule is based upon an earlier federal statute allowing courts to reduce costs and combine causes of action of a "like nature or relative to the same question."[2] Consolidation serves the purpose of "avoiding needless duplication of time, effort and expense on the part of the parties and the court in the conduct of pretrial discovery proceedings and of the trial itself."[3] It also enables "the proceedings to be expedited and make for economy and convenience generally in the administration of the litigation."[4] Thus, consolidation "should be prudently employed as a

2

valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion."[5]  Consolidation is permitted when actions involve a common question of law or fact.[6]

The party seeking consolidation has the burden to establish that consolidation would promote judicial economy and convenience.[7]  The Court has broad discretion under Federal Rule of Civil Procedure 42(a) to consolidate cases.[8]

In determining whether to consolidate, the Court "must balance the savings of time and effort resulting from consolidation against any inconvenience, delay or expense it would cause."[9]  While consolidation may not be proper when cases are in different phases of pretrial procedure, that specific prejudice must be examined in light of other factors.[10]  Thus, the Court must determine

> whether the specific risk of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.[11]

3

# ARGUMENT

A.     COMMON QUESTIONS OF LAW AND FACT PERMEATE THESE CASES; THE ONLY RISK OF PREJUDICE IS THE DELAY OF ONE TRIAL; JUDICIAL ECONOMY AND CONVENIENCE OF THE PARTIES WOULD BE BEST SERVED BY CONSOLIDATING THESE CASES FOR DISCOVERY AND TRIAL.

## I.     Common Questions of Law and Fact.

Consolidation is proper when there are common questions of law or fact.[12]  Plaintiffs in the above captioned matters have asserted virtually the same causes of action.  They have asserted claims for: Section 1983 First Amendment Retaliation and Fourth Amendment Search and Seizure; Abuse of Process; Malicious Prosecution; and Invasion of Privacy.[13]  These cases arise out of the same operative core of facts.[14]

As it stands, two juries will have to decide these cases – listening to identical witnesses and likely receive nearly the same exhibits.  It is unlikely any party would contest the commonality between these cases.

## II.     Prejudice is limited to delay in one trial.

It is expected that Xcentric Ventures and Ed Magedson will be concerned about the risk of prejudice in having to wait longer for a jury trial.  It is a reasonable concern.  As it stands, Anna Richter's trial will

4

occur, March 12, 2018, almost one year after the time when Xcentric Ventures and Ed Magedson would otherwise try their case on, May 15, 2017.

The risk of prejudice is likely limited to the delay of this single trial, and that limited risk is overborne by the risks that come from having two trials.[15]  If these matters proceed as two cases, there will be twice the burden on the witnesses, jurors, and resources of the Court.

The parties have estimated that the Xcentric Ventures trial will last between ten days and two weeks.  (Scheduling Order, 15-cv-4008, Dck#50; Order Setting Trial, 15-cv-4008, Dck#57).  The parties have estimated that the Richter trial will last ten days (Scheduling Order, 16-cv-4098).  If tried separately, two *venire* will be drawn from the citizenry.  Moreover, the chosen jurors will collectively spend nearly a month away from work fulfilling their civic duties.

"Jury service is a high duty of citizenship."[16]  Indeed, there may be no more important attribute to our civil jury system than the participation of citizen-jurors in their Court System.  We ought not minimize their contributions by suggesting the delay of a single trial is more important.

Case 5:15-cv-04008-LTS   Document 113-1   Filed 01/06/17   Page 5 of 12

If these cases are tried separately, furthermore, the parties must bear the unnecessary risk of inconsistent verdicts.  Such inconsistent verdicts would further raise the level of Court involvement by introducing the likelihood of appeal and retrial.  Judicial economy and convenience should play a significant role in the decision to consolidate.[17]

III.    Judicial Economy and Convenience.

More than a Terabyte of data has been exchanged between Defendant and Xcentric Ventures / Ed Magedson.  While it is expected that the universe of data in this case will be significantly constrained by the time of trial, it is unexpected to be a simple and straightforward case.  This is expected because the Xcentric / Magedson Complaint makes the trial about a case within a case – a civil case about Defendant's efforts leading up to prosecution of a criminal case.  The Richter Complaint is likewise – making trial about a case within a case.

Having been filed later, the Richer case suffers from a lack of efficient exchange of discovery.  This arises as a practical matter from the existence of a protective order in the Xcentric Ventures / Magedson case that limits the disclosure of information in the Richter case.  The enormous size of the data set, furthermore, requires identification of certain types of protected

6

information that must be tediously redacted or withheld from production. Consolidation of these matters and expansion of the existing protective order to cover both cases seems the better method for resolving what would otherwise be a tremendous time commitment and likely result in motions and hearings to resolve the disclosure issues.

It is expected that discovery that is obtained in the Richter case will also be discoverable in the Xcentric Ventures / Magedson case. However, the information from the Richter case is not expected to be developed until close in time with the currently scheduled Xcentric Ventures / Magedson case. Conceivably, new pertinent evidence could be developed in the Richter case that should be part of the Xcentric Ventures / Magedson case.

The witnesses should be considered in evaluating consolidation, too. If tried separately, the same witnesses will have to travel and spend time at two separate trials. Some of those anticipated witnesses will have to travel across the country and potentially the World in order to attend the trials.

Finally, the Court would be unduly burdened if these cases are not consolidated. Judge Strand will be required to sit for two separate trials and likely endure the standard post-trial proceedings twice. Unfortunately, if tried separately, Judge Strand will also be required to rule on two rounds

7

of dispositive motions and two rounds of pretrial motions.  In both instances, the outcomes very well may differ because of the intervening trial in which sworn testimony is developed.  The Court reporters, clerks, and administration would also be forced to double their efforts over two cases if these matters are not consolidated.

On balance, "the savings of time and effort resulting from consolidation" outweighs any risk of "inconvenience, delay or expense it would cause."[18]  Indeed, consolidation would promote convenience and expense should be reduced considerably by having one rather than two trials.[19]

WHEREFORE, Defendant, Ben Smith, respectfully prays this Court consolidate the above referenced matters so that the collective trial occur as currently scheduled to commence for Anna Richter's case on March 12, 2018, and for further relief as this Court deems just and proper.

8

/s/ Robert Livingston
Kristopher K. Madsen  #AT0004969
Robert M. Livingston, #AT0004728
STUART TINLEY LAW FIRM LLP
310 W. Kanesville Blvd., 2nd Floor
P. O. Box 398
Council Bluffs, Iowa  51502
Telephone: 712.322.4033
Facsimile: 712.322.6243
Email: kmadsen@stuarttinley.com
Email: rlivingston@stuarttinley.com
ATTORNEYS FOR DEFENDANT

9

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 6th day of January, 2017, the above and foregoing, DEFENDANT'S MOTION FOR CONSOLIDATION AND BRIEF IN SUPPORT THEREOF, was electronically filed with the Clerk of the U.S. District Court using the ECF system, service being made by ECF upon the following:

Peter W. Berger
Berger Law Firm, P.C.
7109 Hickman Road
Urbandale, IA 50322
ATTORNEY FOR XCENTRIC
AND MAGEDSON

Joel B. Robbins
Robbins & Curtin, PLLC
301 E. Bethan Home Rd.,
Suite B-100
Phoenix, AZ 85012
ATTORNEY FOR XCENTRIC
AND MAGEDSON

Angela L. Campbell
Dickey & Campbell Law Firm,
301 E. Walnut Street, Suite 1
Des Moines, IA 50309
ATTORNEY FOR XCENTRIC
AND MAGEDSON

Maria Crimi Speth
Jaburg & Wilk, P.C.
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
ATTORNEY FOR XCENTRIC
AND MAGEDSON

-AND-

Julia A. Ofenbakh
Ofenbakh Law Firm, PLLC
541 31st Street, Suite C
Des Moines, IA 50312
ATTORNEY FOR RICHTER

/S/ Robert Livingston

10

---

[1] Fed. R. Civ. P. 42(a), see also, Peters v. Woodbury Cty., Iowa, 291 F.R.D. 316, 318 (N.D. Iowa 2013).

[2] 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, §2382 (1971)(citing Advisory Committee Note to original Rule 42(a)).  Federal Rule of Civil Procedure 42(a) was designed to encourage consolidation where possible to limit piecemeal litigation.  *U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945), *cert. granted*, 326 U.S. 714, 66 S.Ct. 265, 90 L.Ed. 422 (1945), aff'd, 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500 (1946); *Johnson v. Mississippi Valley Barge Line Co.*, 34 F.R.D. 140, 142 (W.D.Pa. 1963)(A multiplicity of litigation is frowned upon, and should be avoided by consolidation); *Air King Products Co. v. Hazeltine Research*, 10 F.R.D. 381, 383 (E.D.N.Y. 1950)(Piecemeal litigation is generally disfavored because of the additional burden created for the litigants and court).

[3] *Fields v. Wolfson*, 41 F.R.D. 329, 330 (S.D.N.Y. 1967).

[4] *Id.*

[5] *Peters*, 291 F.R.D. at 318 (citations omitted).

[6] *See Peters*, 291 F.R.D. at 320 (citations omitted).

[7] *See id.* (citations omitted) citing *Powell v. National Football League*, 764 F.Supp. 1351, 1359 (D. Minn. 1991), and, *Fleishman v. Prudential-Bache Securities, Inc.*, 103 F.R.D. 623, 624-25 (E.D. Wis. 1984)), *see also, Lyons v. Andersen*, 123 F.Supp.2d 485, 487 (N.D. Iowa 2000).

[8] *Lyons*, 123 F.Supp.2d at 487(citing *Powell*, 764 F.Supp. at 1359).

[9] *Lyons*, 123 F.Supp.2d at 487-88(referencing, with approval, *Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F.Supp. 1298, 1309 (D.Del. 1981)(disagreed with on other grounds by *J-Star Industries, Inc. v. Oakley*, 720 F.Supp.1291 (W.D. Mich. 1989), and, *Powell*, 764 F.Supp. at 1359).

[10] *See Lyons*, 123 F.Supp.2d. at 488 (citing *Schacht v. Javits*, 53 F.R.D. 321, 324-25 (S.D.N.Y. 1971)(questioned on other grounds by *Palmquist v. Conseco Medical Ins., Co.*, 128 F.Supp.2d 618 (D.S.D. 2000)).

[11] *Peters*, 291 F.R.D. at 320 (citations omitted, internal punctuation omitted).

[12] Fed. R. Civ. P. 42(a).

[13] Xcentric Ventures / Ed Magedson Complaint, 15-cv-4008, Dck#2, and, Richter Amended Complaint, 16-cv-4098, Dck#6.

11

[14] Xcentric Ventures / Ed Magedson Complaint, 15-cv-4008, Dck#2, and, Richter Amended Complaint, 16-cv-4098, Dck#6.

[15] *See Peters*, 291 F.R.D. at 320.

[16] http://www.iand.uscourts.gov/e-web/home.nsf/cb753adff3cb7a72862573a80001fe9d/353610f006117e48862573a9004e0a45?OpenDocument

[17] *See Peters*, 291 F.R.D. at 320.

[18] *See Lyons*, 123 F.Supp.2d at 487-88.

[19] *See id.*

12