IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| XCENTRIC VENTURES, LLC, an Arizona Limited Liability Company; and ED MAGEDSON, an Individual, | ) ) ) ) | No. 15-CV-4008-DEO |
| Plaintiffs, | ) ) | Brief in Support of Defendant's Motion for |
| vs. | ) ) | Judgment on the Pleadings |
| BEN SMITH, in his Individual Capacity as Sac County Attorney, | ) ) ) | |
| Defendant. | ) | |

COMES NOW, Defendant, Ben Smith, pursuant to Federal Rule of Civil Procedure 12(c), and submits this Brief in Support of his Motion for Judgment on the Pleadings in accordance with Local Rule 7.

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ 1

INTRODUCTION ....................................................................................................... 2

JUDGMENT ON THE PLEADINGS ................................................................................ 3

ARGUMENT .............................................................................................................. 4
    1.   Sovereign Immunity ......................................................................................... 4
       A.   The Iowa Municipal Tort Claims Act immunizes the Sac County Attorney from punitive damages claims that are based upon common law. ............................. 4
    2.   Absolute Immunity ........................................................................................... 5
       A.   Plaintiffs make certain assertions of misconduct by the Sac County Attorney that fall squarely within the traditional prosecutorial functions protected by absolute immunity. .......................................................................................... 5
    3.   Qualified Immunity ......................................................................................... 10
       A.   Abuse of process is not cognizable as a civil rights violation under Section 1983; the Sac County Attorney is entitled to qualified immunity on Count Two of Plaintiffs' Complaint ....................................................................................... 11
       B.   Plaintiffs have failed to allege a viable claim under the Sixth Amendment; the Sac County Attorney is entitled to qualified immunity on the Sixth Amendment component in Count One of Plaintiffs' Complaint ............................................. 12

3.  Standing ............................................................................................................... 13
    A.  Plaintiffs lack standing to vicariously assert a Fourth Amendment claim
        pertaining to any search warrant or subpoena for which Plaintiffs do not have
        the requisite reasonable expectation of privacy, including the Search Warrant
        for Anna Richter's home..................................................................................... 13

CONCLUSION.................................................................................................................. 14

CERTIFICATE OF SERVICE .......................................................................................... 16

## INTRODUCTION

As it often occurs with former criminal defendants, Plaintiffs appear to have transformed their "resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate." *See Imbler v. Pachtman*, 424 U.S. 409, 425 (1976) (citations omitted). If prosecutors, like the Sac County Attorney, were susceptible to civil suit on claims like the one at bar, there would be significant risk that prosecutors would not vigorously and fearlessly perform their public duties and exercise the independent judgment required for the criminal justice system to function properly. *See id.* at 423, 427-28. Accordingly, "[t]he need for impartiality and independence has led the Supreme Court to consistently hold that prosecutors receive absolute immunity for all actions taken as advocates of the state." *W. v. Palmer*, 12-CV-4059-DEO, 2012 WL 5988784, *3 (N.D. Iowa Nov. 29, 2012) (citing *Dorsey v. Walden,* 3:12–CV–00136–BRW, 2012 WL 2505219, 1 (E.D. Ark.2012) and *Imbler,* 424 U.S. at 423.

As shown below, several of the functions challenged by Plaintiffs were clearly taken by the Sac County Attorney as an advocate for the state. There is no allegation that the Sac County Attorney acted outside the scope of his official duty. The Sac County Attorney is insulated by absolute immunity on several of Plaintiffs' claims.

2

Qualified and sovereign immunity also protect the Sac County Attorney on certain of Plaintiffs' claims. Finally, Plaintiffs lack standing to assert a Fourth Amendment claim.

This Court should analyze Plaintiffs' Complaint and enter judgment as a matter of law on the claims addressed in the Motion for Judgment on the Pleadings.

## JUDGMENT ON THE PLEADINGS

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is appropriate when the moving party has clearly established that no material issues of fact remain to be resolved and the party is entitled to judgment as a matter of law. *United States v. Any & all Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000) (citing Fed. R. P. 12(c) other citations omitted). In assessing a motion for judgment on the pleadings, the Court accepts as true all facts pleaded by the non-moving party and grants all reasonable inferences from the pleadings in favor of the non-moving party. *Id.* Immunity defenses are properly presented by a motion for judgment on the pleadings. *Taylor v. U.S. I.R.S.*, 915 F. Supp. 1015, 1017 (N.D. Iowa 1996), *aff'd sub nom. Taylor v. United States*, 106 F.3d 833 (8th Cir. 1997) (citations omitted).

In this case, sovereign, absolute, and qualified immunity insulate the Sac County Attorney from several claims asserted by Plaintiffs. Judgment on the pleadings is proper as to those claims.

3

## ARGUMENT

## 1.   Sovereign Immunity

A.   The Iowa Municipal Tort Claims Act immunizes the Sac County Attorney from punitive damages claims that are based upon common law.

The Iowa Municipal Tort Claims Act (hereinafter "IMTCA") provides the exclusive remedy for claims against Iowa municipalities and municipal employees for state-law claims. *Thomas v. Gavin*, 838 N.W.2d 518, 523 (Iowa 2013) (citations omitted) (noting exclusive remedy); *and, see, Fink v. Kitzman*, 881 F. Supp. 1347, 1389 (N.D. Iowa 1995) (IMTCA applies to state-law claims, whereas federal issues of liability and punitive damages are decided solely on the basis of federal decisions). The IMTCA expressly exempts punitive damages from its general waiver of sovereign immunity. Iowa Code § 670.4(1)(e); *also, see,* Iowa Code § 670.2 (generally waving sovereign immunity). A municipality is immune from punitive damages on state law claims for which there is no express provision providing for punitive damages. *Fink v. Kitzman*, 881 F.Supp. 1347, 1388-89 (N.D. Iowa 1995).

All officers and employees of municipalities are not personally liable for claims which are exempted by the IMTCA, with one exception. Iowa Code § 670.12 (referring to claims exempted by Iowa Code Section 670.4). Such officers and employees may be liable for punitive damages, but only upon proof of actual malice or willful, wanton and reckless misconduct. *Id.*

In this case, Plaintiffs assert three common law claims in their Complaint – abuse of process in Count Three, malicious prosecution in Count Four, and invasion of privacy in Count Five. (Complaint, paras. 128-139, Dckt#2). They assert that Defendant was the Sac County Attorney. (Complaint, para. 19, Dckt#2). As such, the Sac County

Attorney is considered an officer of the County.  *See* Iowa Code § 331.752 (allowing counties to utilize county attorneys as full or part-time county officers).  Plaintiffs do not claim that the Sac County Attorney acted with actual malice or willful, wanton and reckless misconduct.  (Complaint, Dckt#2).

Because these claims lack allegations of the requisite actual malice or willful, wanton and reckless misconduct and are founded on alleged violations of the common law by a County officer, the IMTCA precludes the imposition of punitive damages against the Sac County Attorney on these claims.  *See Kink*, 881 F.Supp. at 1389, *and,* Iowa Code § Iowa Code § 670.12.

Assuming, *arguendo*, and solely for purposes of this Motion that the Plaintiffs' factual allegations are undisputed, their claims for punitive damages under Counts Three, Four, and Five fail as a matter of law.  *See id., Any & all Radio Station Transmission Equip.*, 207 F.3d at 462, *and,* Fed. R. P. 12(c)).  Judgment on the pleadings should be entered in favor of the Sac County Attorney on Plaintiffs' punitive damages claim as it relates to Counts Three, Four, and Five of Plaintiffs' Complaint.  *See id.*

### 2. Absolute Immunity

A. Plaintiffs make certain assertions of misconduct by the Sac County Attorney that fall squarely within the traditional prosecutorial functions protected by absolute immunity.

Without protection, the independent judgment required of a prosecutor could be distorted by concern over harassment by unfounded litigation.  *Imbler*, 424 U.S. at 423 (citations omitted).  Even the most conscientious prosecutor would be open to harassing and embarrassing litigation by those who would profit thereby.  *Id.* (citations omitted).  Thus, despite the acknowledgement that genuinely wronged defendants would be

5

stripped of civil relief, to protect prosecutors and the judicial system from these overarching concerns, the Supreme Court of the United States extended the applicability of absolute immunity from its historical place in the common law to claims made under Section 1983. *Id.* at 427.

Prosecutors are absolutely immune from civil liability for a wide variety of acts "intimately associated with the judicial phase of the criminal process." *Id.* at 430. They are immune for "prosecutorial functions such as the initiation and pursuit of a criminal proceeding, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 268-71 (1993), and, *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996)).

The Court utilizes a functional approach to determine whether a prosecutor's acts are intimately associated with the judicial process. *Id.* (citing *Forrester v. White*, 484 U.S. 219, 229, (1987), and, *Brodnick*i, 75 F.3d at 1266-67). Said the Eighth Circuit,

> [i]n drawing the line between absolute immune activities and other activity, we think the important consideration is not whether the act was one which could be done only by a prosecutor as attorney, but rather whether the act was closely related to the prosecutor's role as advocate. *It would make little sense to immunize the prosecutor's decision to prosecute while not immunizing the immediately preceding steps which lead to that decision.* . . .

*Williams*, 827 F.2d at 1210 (emphasis added) (citing *Forsyth v. Kleindienst*, 599 F.2d 1203, 1215, (3d Cir. 1979), *cert. denied*, 453 U.S. 913 (1981)).

In making this determination, the Court looks to the nature of the function performed. *Anderson*, 327 F.3d at 768 (citing *Forrester*, 484 U.S. at 229). Breaches of ethical rules by the prosecutor are irrelevant to the issue of whether absolute immunity insulates the prosecutor. *Id.* (citing *Burns v. Reed*, 500 U.S. 478 (1991)). Allegations of

**6**

improper motivations, malice, or vindictiveness similarly do not defeat absolute immunity. *Meyers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987), *abrogated on other grounds by, Burns*, 500 U.S. at 496 (absolute prosecutorial immunity does not extend to prosecutor who gave advice to police)(citations omitted).  The prosecutor has the burden to show absolute immunity is justified for the function in question. *Anderson*, 327 F.3d at 768 (citing *Burns*, 500 U.S. at 486).

Such justification has been shown and absolute immunity applied by the United States Supreme Court for a number of traditional prosecutorial functions, such as: deciding to initiate and pursue criminal cases; presenting the state's case at trial; participating in a probable cause hearing; taking action as an advocate of the state before the initiation of a prosecution and apart from the courtroom; out-of-court acts to control the presentation of witness testimony; evaluating evidence and interviewing witnesses in preparation for trial; and, preparing and filing of charging documents, determining whether there is sufficient evidence to justify finding of probable cause, deciding to file charges, presenting the information and motions to the court.  *See Imbler*, 424 U.S. at 430-31; *Burns*, 500 U.S. at 490-91; *Buckley*, 509 U.S. at 272-73; *and*, *Kalina v. Fletcher*, 522 U.S. 118, 129-30 (1997).  Thus, for example, the Eighth Circuit has applied absolute immunity to protect prosecutors who: prepare, sign, and file a criminal complaint, and maliciously, fraudulently and without adequate investigation file or threaten to file criminal charges.  *See Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006)*, Meyers*, 810 F.2d at 1445-50. *abrogated on other grounds by, Burns*, 500 U.S. at 496 (prosecutor entitled to qualified rather than absolute immunity for giving legal advice to the police).

In the case at bar, Plaintiffs challenge certain prosecutorial functions performed by the Sac County Attorney that are closely connected with the judicial process. These functions are absolutely immune.

i.   Threatening charges and accusing of criminal conduct.

Plaintiffs complain that the Sac County Attorney threatened criminal prosecution against Ed Magedson and Xcentric Ventures and falsely accused Ed Magedson of criminal conduct. (Complaint, paras. 8, 120, Dckt#2). However, "threatening criminal prosecution is within the scope of absolute immunity protected by absolute immunity." *Myers*, 810 F.2d at 1446 (citations omitted).

ii.   Preparing, signing, filing, presenting, and dismissing an application for civil injunction.

Plaintiffs complain that the Sac County Attorney filed an Application for Civil Injunction under Iowa Code Section 915.22. (Complaint, paras. 8, 106, 125, 129, 133, Dckt#2). Filing an application for civil injunction, like "preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government." *See Schenk*, 461 F.3d at 1043. Thus, as the Fifth Circuit has held, filing for a civil injunction is a typical prosecutorial function. *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985).

Plaintiffs complain that the Sac County Attorney filed a response to a motion to disqualify that included allegedly private records of Plaintiffs, (Complaint, para. 109, Dckt#2); filed a sur-reply to a motion to disqualify, (Complaint, para. 111, Dckt#2); appeared and orally argued at a hearing on a motion to disqualify, (Complaint, para. 112, Dckt#2); and, filed a dismissal of the Application for Civil Injunction, (Complaint, para. 113, Dckt#2). As with the other functions discussed above, these are also intimately

8

associated with the judicial process – filing, appearing before a judge, and presenting to the Court. *See Buckley*, 509 U.S. at 271.

iii. All activity related to the search warrant, save being the affiant, including preparation and presentation of search warrants, filing, sealing or making public the search warrant.

Plaintiffs complain that the Sac County Attorney applied for, obtained, and executed, and made public or failed to seal a search warrant. (Complaint, paras. 8, 79, 89, 125, 129, Dckt#2). A prosecutor's activity in connection with the preparation of a search warrant, like an arrest warrant, is protected by absolute immunity. *See Kalina*, 522 U.S. at 129. This includes the application for warrant and any requisite affidavit. *See id.* The only aspect of the preparation and filing of a warrant that is not protected by absolute immunity is the function of personally attesting to the affidavit in support of a warrant. *See id.* Drafting the affidavit and determining whether evidence was sufficiently strong to justify a probable cause finding remain prosecutorial functions entitled to absolute immunity. *See id.* Filing the search warrant application and affidavit are absolutely immune. *See Schenk*, 461 F.3d at 1043. Because all other aspects of the warrant preparation are absolutely immune, so too are Plaintiffs' specific criticism of filing and either not sealing or making public the search warrant and affidavit. *See id., and, Kalina*, 522 U.S. at 129.

Regarding each of these prosecutorial functions, the Sac County Attorney remains entitled to absolute immunity notwithstanding Plaintiffs' claims of ethical rule violations or improper motivation. *See Anderson*, 327 F.3d at 768, *and, Meyers*, 810 F.2d at 1446.

Assuming, *arguendo*, and solely for purposes of this argumentative point, that Plaintiff otherwise sets forth viable Constitutional and State Law claims, which is

9

disputed for all other purposes, the Sac County Attorney is absolutely immune for the functions outlined above. Absolute immunity prohibits recovery under all of Plaintiffs' causes of action to the extent they rely on these functions because they fit squarely within traditional prosecutorial functions.

Plaintiffs' causes of action that rely on the above functions fail as a matter of law. *See id., Any & all Radio Station Transmission Equip.*, 207 F.3d at 462, *and,* Fed. R. P. 12(c)). Judgment on the pleadings should be entered in favor of the Sac County Attorney on Plaintiffs' claims to the extent they rely on these absolutely immune prosecutorial functions. *See id.*

### 3.    Qualified Immunity

Governmental officials are shielded from liability for civil damages as long as their conduct does not violate clearly-established federal statutory law or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A law enforcement officer who acts mistakenly is still entitled to qualified immunity as long as the officer acted reasonably in light of clearly-established law and the facts know to the officer. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

In assessing qualified immunity, the Court determines whether the plaintiff's allegations establish a violation of the Constitution. *Sherbrooke v. City of Pelican Rapids,* 513 F.3d 809, 813 (8th Cir.2008) (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)). If so, the Court determines whether the right was clearly established at the time of the violation. *Id.* "To defeat a claim of qualified immunity, the contours of an alleged constitutional right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Smook v. Minnehaha County,* 457 F.3d 806, 813 (8th Cir. 2006) (quoting *Anderson v. Creighton,* 483 U.S. 635, 640, 107

S.Ct. 3034, 97 L.Ed.2d 523 (1987) (internal punctuation omitted). The Court is permitted to approach the issue of qualified immunity by first assessing whether the right at issue was clearly established. *Pearson v. Callahan,* 555 U.S. 223, 242 (2009).

A.  **Abuse of process is not cognizable as a civil rights violation under Section 1983; the Sac County Attorney is entitled to qualified immunity on Count Two of Plaintiffs' Complaint.**

"[A]buse of process—as a claim separate from a claim that there was no probable cause to make the arrest or institute the prosecution—is not cognizable as a civil rights violation under § 1983." *Fagnan v. City of Lino Lakes, Minn.*, 914 F. Supp. 2d 1019, 1025 (D. Minn. 2012), *aff'd,* 745 F.3d 318 (8th Cir. 2014) (citations omitted).

In this case, Plaintiffs assert a standalone Section 1983 abuse of process claim in Count Two. (Complaint, paras. 117-123, 124-127, Dckt#2). As such, it is not a cognizable civil rights claim. *See id.*

Plaintiffs have failed to establish a standalone Constitutional abuse of process violation. Even if they did, which is disputed, the contours of the alleged Constitutional right were not sufficiently clear so that a reasonable law enforcement official would know he or she is violating a heretofore unrecognized standalone Section 1983 abuse of process civil rights claim. *See id., and, Harlow*, 457 U.S. at 818. The Sac County Attorney is, accordingly, entitled to qualified immunity. *See id.*

Assuming, *arguendo*, and solely for purposes of this Motion that the Plaintiffs' factual allegations are undisputed, their Section 1983 abuse of process claim under Count Two fails as a matter of law. *See id., and,* Fed. R. Civ. P. 12(c). Judgment as a matter of law should be entered in favor of the Sac County Attorney on Count Two of Plaintiffs' Complaint. *See id.*

B. Plaintiffs have failed to allege a viable claim under the Sixth Amendment; the Sac County Attorney is entitled to qualified immunity on the Sixth Amendment component in Count One of Plaintiffs' Complaint.

Sixth Amendment[1] protections arise and become applicable at the commencement of a criminal prosecution. *Warren v. City of Lincoln, Nebraska*, 864 F.3d 1436, 1442 (8th Cir. 1989) (citations omitted). In other words, the Sixth Amendment right to counsel and confidential attorney-client communications are inapplicable pre-indictment. *See id., Moran v. Burbine,* 475 U.S. 412, 430, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986), *and, United States v. Brodie*, 250 F. Supp. 2d 466, 468 (E.D. Pa. 2002). Nor is the Sixth Amendment triggered by government's knowing use of confidential attorney-client communications to obtain a search warrant pre-indictment. *See U.S. ex rel. Shiflet v. Lane,* 815 F.2d 457, 464–66 (7th Cir.1987). The attorney-client relationship itself does not trigger the protections of the Sixth Amendment – the trigger comes at the commencement of a criminal prosecution. *See id., and Moran,* 475 U.S. at 430.

In the case at bar, Plaintiffs claim that the Sac County Attorney obtained and reviewed confidential and attorney-client protected information in violation of their Sixth Amendment rights. (Complaint, para. 122, Dckt#2). It is undisputed that Plaintiffs have not yet been charged with any offense; indeed, the Sac County Attorney is currently enjoined from bringing such charges. (Memorandum Opinion and Order Regarding Report and Recommendation on Motion, pp. 42-43, 50-51, Dckt#56). As such, Plaintiffs' Sixth Amendment protections do not apply because the Sac County Attorney obtained this information before the initiation of formal charges. *See id.*

---

[1] "In all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defense." U.S. Const. amend. VI.

Plaintiffs have failed to establish a Sixth Amendment violation, and, even if they did, which is disputed, the contours of the alleged Constitutional right were not sufficiently clear so that a reasonable law enforcement official would know he or she is violating that right. *See Harlow*, 457 U.S. at 818. Accordingly, the Sac County Attorney is entitled to qualified immunity.

Assuming, *arguendo*, and solely for purposes of the Motion that the Plaintiffs' factual allegations are undisputed, their Sixth Amendment claim fails as a matter of law. *See id., Any & all Radio Station Transmission Equip.*, 207 F.3d at 462, *and,* Fed. R. P. 12(c)). Judgment on the pleadings should be entered in favor of the Sac County Attorney on the Sixth Amendment component of Count One in Plaintiffs' Complaint. *See id.*

## 4.      Standing

A.      **Plaintiffs lack standing to vicariously assert a Fourth Amendment claim pertaining to any search warrant or subpoena for which Plaintiffs do not have the requisite reasonable expectation of privacy, including the Search Warrant for Anna Richter's home.**

The Fourth Amendment protects, in pertinent part, against unreasonable searches and seizures. U.S. Const. amend. IV. Fourth Amendment rights are personal and may not be asserted vicariously. *United States v. Gomez*, 16 F.3d 254, 256 (8th Cir. 1994) (citing *Rakas v. Illinois*, 439 U.S. 128, 138–44 (1978) (other citations omitted), *DePugh v. Penning*, 888 F.Supp. 959, 972, (N.D. Iowa 1995). Standing to contest an allegedly unreasonable search under the Fourth Amendment requires the contesting-party to have a reasonable expectation of personal privacy and/or property privacy in the area or items searched. *Id.* The Court analyzes several factors in this regard, including:

ownership, possession and/or control of the area searched or item seized; historical use of the property or item; ability to regulate access; the totality of the circumstances surrounding the search; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of the expectation of privacy considering the specific facts of the case.

*Gomez*, 16 F.3d at 256 (8th Cir. 1994) (citations omitted).

In this case, Plaintiffs have alleged no facts that could show they have any ownership, possession, or control of areas searched or items seized. *See id.* Plaintiffs' Complaint also fails to allege anything that could amount to an objectively reasonable subjective anticipation of privacy. *See id.* Indeed, as this Court already noted, "[P]laintiffs have made no showing that their personal Fourth Amendment rights have been violated." (Order, p. 43, Dckt#56, and Report and Recommendation, Dckt#55).

Assuming, *arguendo*, and solely for purposes of this Motion that the Plaintiffs' factual allegations are undisputed, their Fourth Amendment Section 1983 claim fails as a matter of law. *See id., Any & all Radio Station Transmission Equip.*, 207 F.3d at 462, *and,* Fed. R. P. 12(c)). Judgment on the pleadings should be entered in favor of the Sac County Attorney on the Fourth Amendment component of Count One in Plaintiffs' Complaint. *See id.*

## CONCLUSION

The doctrine of absolute immunity is designed to protect the judicial system and prosecutors from zealous criminal defense lawyers who threaten or, in this case, bring lawsuits in order to dissuade prosecutors, like the Sac County Attorney, from pursuing criminal charges. Without absolute immunity, prosecutors, such as the Sac County Attorney, may question whether to pursue difficult criminal cases for fear that a criminal defendant will transform their resentment at being prosecuted into the

**14**

ascription of "misconduct" as Plaintiffs have done in this case. *See Imbler,* 424 U.S. at 425. While not confronting the entire risk that the doctrine of absolute immunity was designed to prevent, this Motion presents the Court with the opportunity to tailor the case to remove prosecutorial functions intimately related to the judicial system. The Motion also presents the Court with the same opportunity to tailor the case from other spurious claims immunized by qualified and sovereign immunity.

Because Plaintiffs' claims fail as a matter of law under the undisputed facts, this Court should dispose of Plaintiffs' unsupported claims by entering judgment as a matter of law in favor of the Sac County Attorney. *See* Fed. R. Civ. P. 12(c)

/S/ Robert Livingston
Kristopher K. Madsen  #AT0004969
Robert M. Livingston, #AT0004728
STUART TINLEY LAW FIRM LLP
310 W. Kanesville Blvd., 2nd Floor
P. O. Box 398
Council Bluffs, Iowa  51502
Telephone: 712.322.4033
Facsimile: 712.322.6243
Email: kmadsen@stuarttinley.com
Email: rlivingston@stuarttinley.com
ATTORNEYS FOR DEFENDANT

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of January, 2017, the above and foregoing, DEFENDANT'S BRIEF IN SUPPORT OF JUDGMENT ON THE PLEADINGS, was electronically filed with the Clerk of the U.S. District Court using the ECF system, service being made by ECF upon the following:

Peter W. Berger
Berger Law Firm, P.C.
7109 Hickman Road
Urbandale, IA 50322
ATTORNEY FOR XCENTRIC
AND MAGEDSON

Joel B. Robbins
Robbins & Curtin, PLLC
301 E. Bethan Home Rd., Suite B-100
Phoenix, AZ 85012
ATTORNEY FOR XCENTRIC
AND MAGEDSON

Angela L. Campbell
Dickey & Campbell Law Firm, P.L.C.
301 E. Walnut Street, Suite 1
Des Moines, IA 50309
ATTORNEY FOR XCENTRIC
AND MAGEDSON

Maria Crimi Speth
Jaburg & Wilk, P.C.
3200 North Central Avenue, Suite 2000
Phoenix, AZ 85012
ATTORNEY FOR XCENTRIC
AND MAGEDSON

/S/ Robert Livingston

16