UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| **XCENTRIC VENTURES, LLC**, an Arizona limited liability company; and **ED MAGEDSON**, an individual, | : : : | No. 15-CV-4008-DEO |
| | : | **BRIEF IN SUPPORT OF PLAINTIFFS'** |
| | : | **MOTION FOR PARTIAL SUMMARY** |
| Plaintiffs, | : | **JUDGMENT REGARDING** |
| | : | **QUALIFIED IMMUNITY** |
| vs. | : | |
| | : | |
| **BEN SMITH**, in his individual capacity as Sac County Attorney, | : : : | |
| | : | |
| Defendant. | : | |

Plaintiffs submit this Brief in support of their Motion for Partial Summary Judgment Regarding Qualified Immunity in accordance with Local Rule 7.

## I.      INTRODUCTION

As a matter of law, Defendant Ben Smith lost his qualified immunity when he disseminated Plaintiffs' bank records and information in attorney-client privileged emails to third parties in violation of the Iowa court order that gave him the authority to obtain those records from Plaintiffs' providers.

## II.      ARGUMENT

The Court should grant summary judgment if the evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

Defendant's qualified immunity defense fails as a matter of law.  Questions relating to qualified immunity "ordinarily should be decided by the court long before trial." *Hunter v. Bryant*,

1

502 11 U.S. 224, 228 (1991) (*per curiam*). If there are no disputes concerning the relevant facts, then qualified immunity presents a question of law to be resolved by the court. *Id.*

Government officials performing discretionary functions are not shielded from liability for civil damages if their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 14 U.S. 800, 818 (1982); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012) ("Under qualified immunity, an officer is protected from suit when he makes a *reasonable* mistake of law or fact.") (emphasis added). The analysis of qualified immunity involves two questions. One question is whether "the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Another question is whether any such constitutional right was "clearly established," and, in particular, "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 201-02.

"The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful . . . ; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *accord Smook v. Minnehaha Cnty.*, 457 F.3d 806, 813 (8th Cir. 2006) (quoting *Anderson*). "[T]he salient question . . . is whether the state of the law [at the time of the conduct] gave respondents fair warning that their [conduct] was unconstitutional." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). *See also Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (*per curiam*).

In the case at bar, Smith violated Plaintiffs' clearly established First and Fourth Amendment constitutional rights by disseminating private banking records and private emails that

2

he obtained by using his official office of Sac County Attorney. *See* Statement of Material Facts In Supp. of Pls.' Mot. for Partial Summ. J. ("SOF") at ¶¶ 5, 8. The private records and emails, which Smith obtained through search warrants and subpoenas, were the subject of explicit, Court-ordered prohibitions against dissemination. *See* SOF at ¶¶ 4, 7. Smith clearly understood that what he did violated Plaintiffs' rights because Smith actually drafted the court-ordered language that provided that the information obtained from the search warrants and subpoenas was confidential and that it was not to be disseminated. *See id.*

Moreover, it is undisputed that Smith's blatant violation of the court orders was in furtherance of his overall efforts to silence criticism about him and others on the Ripoff Report website. "[C]riticism of public officials lies at the very core of speech protected by the First Amendment." *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). Retaliation by a government actor in response to such an exercise of First Amendment rights forms a basis for § 1983 liability. *Pendleton v. St. Louis Cnty.*, 178 F.3d 1007, 1011 (8th Cir. 1999). While retaliation need not have been the defendant's sole motivation, it must have been a substantial factor in the defendant's decision to act. *Baribeau v. City of Minneapolis*, 596 F.3d 465, 481 (8th Cir. 2010).

Smith's deliberate disclosures of the privileged emails and confidential financial information not only violated the orders authorizing the searches; it deprived Plaintiffs' of their constitutionally-protected Fourth Amendment rights. "A seizure conducted pursuant to a warrant obtained by judicial deception violates the Fourth Amendment." *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007). The multitude of warrants and subpoenas that Smith caused to be issued and served were not obtained for any legitimate law enforcement purpose, as outlined above and as evidenced by the fact that neither Plaintiff was ever charged with any crime. *See id.* (noting that plaintiff "never was arrested or charged with a crime, much less convicted of one"). Furthermore,

3

"the contours of the Fourth Amendment right against judicial deception were clearly established at the time of the events at issue." *Id.* at 582. By violating the very court orders that permitted Smith to access Plaintiffs confidential records, and actually disseminating that information, Smith exceeded the scope of the warrant. *See Horton v. California*, 496 U.S. 128, 140 (1990).

## III.   CONCLUSION

The undisputed facts in the record lead to the inescapable conclusion that Smith is not entitled to qualified immunity. Smith used his prosecutorial authority to obtain sensitive information that he knew, and that any reasonable official would have known, not to disseminate. His decision to disregard the orders governing the warrants and subpoenas and release Plaintiffs' financial records and private emails violated Plaintiffs' First and Fourth Amendment rights. Smith is not, as a matter of law, entitled to qualified immunity.

Joel B. Robbins*
Lead Counsel for Plaintiffs
Robbins & Curtin, PLLC
301 East Bethany Home Road
Suite B-100
Phoenix, Arizona 85012
Phone: 602-285-0100
Fax: 602-265-0267
E-mail: joel@robbinsandcurtin.com
*Admitted pro hac vice

Angela L. Campbell AT# 0009086
Local Counsel for Plaintiffs
DICKEY & CAMPBELL LAW FIRM,
P.L.C.
301 East Walnut Street
Suite 1
Des Moines, Iowa 50309
Phone: 515-288-5008
Fax: 515-288-5010
E-mail: angela@dickeycampbell.com

/s/Maria Crimi Speth
Maria Crimi Speth*
Lead Counsel for Plaintiffs
Jaburg & Wilk, P.C.
3200 North Central Avenue
Suite 2000
Phoenix, Arizona 85012
Phone: 602-248-1089
Fax: 602-248-0522
E-mail: mcs@jaburgwilk.com

CERTIFICATE OF SERVICE
I hereby certify that on January 13, 2017, I electronically filed this document
with the Clerk of the Court using the ECF system which will serve it on the appropriate parties.

/s/Maria Crimi Speth

*Admitted pro hac vice

10297-10297-00101\MCS\MCS\2372273.1