# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

|  |  |
|---|---|
| XCENTRIC VENTURES, LLC, an Arizona Limited Liability Company; and, ED MAGEDSON, Individually, | |
| Plaintiffs, | No.  15-CV-4008-LTS |
| vs. | **ORDER DENYING NON-PARTY'S MOTIONS** |
| BEN SMITH, in his individual capacity and as Sac County Attorney, | |
| Defendant. | |

---

## I.    INTRODUCTION

This case is before the Court pursuant to two motions filed by pro se non-party, Shawn Richeson.  Both motions deal with plaintiffs' possession of pretrial discovery produced by Richeson, namely his hard drives.  Plaintiffs made forensic copies of the hard drives.  Richeson's pro se motion (Doc. 149) requests an Order to limit plaintiffs' access to these copied hard drives to preserve Richeson's client and family member data.  Richeson's second related motion (Doc. 151) requests the Court impose a $1,000 monetary sanction on attorney Joel Robbins for his conduct associated with plaintiffs' refusal to return the forensic copies of the hard drives, and a further request that plaintiffs destroy the forensic copies in their possession.  Plaintiffs have filed a resistance to the first motion and asked that it be stricken (Doc. 150).  Defendant did not weigh in on any of the motions.  For the reasons that follow, the Court grants in part and denies in part Richeson's motions.

1

## II.    PROCEDURAL HISTORY

Pro se non-party, Shawn Richeson, is only permitted to file motions on matters that directly pertain to him.  The first motion (Doc. 149) is permissible as it specifically addresses discovery he was required to produce.  The Court notes that the second motion (Doc. 151) relates to this same produced discovery.  Thus, the Court finds Richeson was permitted to file both motions.

On April 19, 2017, the parties advised the Court that the matter had settled.  (Doc. 148).  On May 17, 2017, the parties submitted a joint status report requesting an additional 30 days to craft mutually agreeable "language and parameters" in their settlement documentation.  (Doc. 152).  On the same day, the Court granted the joint motion and extended the deadline to file settlement documents to June 16, 2017.  (Doc. 153).

## III.    ANALYSIS

### A.    First motion by Richeson (Doc. 149)

Pursuant to plaintiffs' third subpoena issued on Richeson, a forensic examiner associated with Flask Back Data picked up Richeson's hard drives.  The examiner forensically copied these 15 hard drives.[1]  Plaintiffs contend that Richeson testified in his April 5th deposition that he deleted his emails (including emails with Ben Smith and other critics of the Ripoff Report), thus plaintiffs were interested in copying his hard drives to prove otherwise.

Richeson seeks to restrict plaintiffs' access to, and their search capacity of, the copied hard drives.  Specifically, Richeson wants to prohibit access to any "raw image files" produced by Flask Back Data or its experts from the copied hard drives to the

---

[1] The expert examiner lists the 15 hard drives collected from Richeson.  (Doc. 149-1, at 7). There was apparently some issue copying one of these drives.

2

following persons: (1) Maria Speth; (2) Adam Kunz; (3) Ed Magedson; (4) Darren Meade, and (5) "all those that work in concert with them." Richeson also wants plaintiffs to be permitted to only search specific terms (Ben Smith; Sac County; Iowa; Shawn Richeson; John Brewington; Ed Magedson; Adam Kunz; Maria Speth; and Darren Meade) when reviewing the copies. Richeson alleges that the purpose of plaintiffs' third subpoena was to seek irrelevant information from him and ultimately harass him. Plaintiffs respond similarly, alleging that Richeson seeks to threaten and harass them as well. Although there is clearly a contentious history between Richeson and plaintiffs, the details of such are not vital to assessing the legal merits of this motion (or the second motion discussed below).

The Court denies the motion to limit (Doc. 149). First, the motion is procedurally defective. Absent from the face of Richeson's motion is a representation that he conferred in good-faith with the parties' counsel or tried but failed to do so. *See* LR 7; *see also Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986) (pro se litigants are not "excused" from complying with procedural and substantive law). Second, Richeson did not timely object to the subpoena and voluntarily produced the hard drives. FED. R. CIV. P. 45(d)(2)(B) ("The objection must be served before the earlier of time specified for compliance or 14 days after the subpoena is served."). The subpoena was served on March 28th and specified a date of April 4th for the examination of the hard drives. (Doc. 150-1, at 7). The email correspondence as well as this Court's docket illuminate that Richeson requested a court hearing to discuss this subpoena and the details of the examination, but then cancelled last minute. *See* Doc. 150-1, at 17 & 28 (Richeson emailed earlier on April 3, 2017: "Please set a hearing today with Judge Williams"; and then later that same day wrote: "As far as the Iowa judge, I couldn't care less what his orders are and I wont [sic] be attending any hearing."). The court's docket reflects that on April 3rd a telephonic status conference was set before Chief Judge Strand for 10:30

3

a.m. on April 4th (Doc. 145), but then terminated. Despite Richeson's failure to timely object, or attend the hearing he requested, he writes in his motion "[i]nstead of moving to quash, [I] felt it prudent to let Plaintiff copy everything, then attempt to limit damage using a court order." (Doc. 149, at 3). The Court disagrees. A pro se litigant must abide with procedural law.

Turning to the settlement order, the Court notes the purpose of Richeson's motion is now moot. There is a settlement order filed in this matter. (Doc. 148). The parties have until June 16th to file their settlement documents or else the Court will enter an order dismissing the action with prejudice after giving adequate notice as provided in Local Rule 41(c). *See* LR 41(b). Regardless, any request for limiting a party's use of discovery in anticipation of trial in this matter is moot. Therefore, for all of the reasons discussed, Richeson's motion to limit (Doc. 149) is denied. Because this case has settled, the Court further finds none of the parties have any legitimate interest in retaining anything obtained from Richeson by subpoena. Accordingly, the Court *sua sponte* orders the parties to return to Richeson all material obtained from Richeson, including forensic copies of hard drives, by June 30, 2017.

## B.    *Second motion by Richeson (Doc. 151)*

This motion requests that all forensic copies of Richeson's 15 hard drives be destroyed (in technical terms, wiped clean), and that attorney Joel Robbins be sanctioned $1,000 for his allegedly unethical conduct.

On April 19, 2017, at 7:39 p.m., Richeson wrote an email entitled "Existing Hard Drive Images Made By Flaskback Data" addressed to Joel Robbins (cc'ing numerous people), the following message:

> Joel,
> Just checked on Pacer today, and it would appear that the USDC Judge signed a mutual settlement agreement and dismissed the case in Iowa. If you give me your word that you will destroy the drive images or have your

4

tech do it, I will not need any hearing in that Court or elsewhere over the matter.

(Doc. 150-1, at 67). Attorney Joel Robbins responded on April 19, 2017, at 8:05 p.m., stating:

> Shawn:
> I paid $6,000 for those disks. If you want to pay for them, I'll talk with my client about allowing you to have them. **Otherwise, I'll retain them because I suspect that you will be litigating against the Ripoff Report again and I don't suspect that you will retain them.** Additionally, you waived any objections to the production by choosing to run off on a vacation instead of participating in the scheduled Federal hearing. Had the judge limited discovery, I could have cancelled the duplication. You didn't attend and we had to pay $6,000. You have also said that you filed a motion with the court that the court has not received. In other words, the disks are mine. If you have a proposal, I'm willing to listen. Otherwise, I'll safeguard the disks.

(*Id.*) (emphasis added). The issue is whether plaintiffs may retain pretrial civil discovery produced by a non-party beyond settlement, in anticipation of future litigation in another matter. The Court first turns to the protective order in this case. (Doc. 82). It also applies to documents produced by non-parties. (*Id.*, at 2 ¶1) ("This Order shall govern documents and information exchanged during this action, including, or not limited to, documents produced by the parties or non-parties, deposition testimony, testimony taken at a hearing or other proceeding, interrogatory answers, discovery responses, and correspondence between counsel."). The protective order specifies that the return of information will occur:

> After this case is completed, including the exhaustion of all appeals, each party, unless otherwise agreed in writing by counsel for the parties, shall have thirty (30) calendar days to notify the other party in writing whether it wants (1) the return of its produced materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," including all copies, extracts, and summaries thereof; or (2) the destruction of these

5

> materials by the party, person, or firm in possession. . .. The party returning or destroying materials under this paragraph shall provide a written certificate to the Producing Party attesting to the return or destruction of all designated materials.

(*Id.*, at 2 ¶19). The protective order only governs the return of the produced materials designated confidential or AEO. The term "copies" in the protective order would include forensic copies of hard drives.

Richeson, however, was not a party to the Court's protective order. The parties have until June 16 to file their settlement documents. Such documents often contain provisions disposing of produced discovery. Focusing on the term "unless otherwise agreed in writing by counsel for the parties" (*Id.*, at 2 ¶19), the Court *sua sponte* orders the parties to incorporate a return of information provision into their settlement documents pertaining to information produced by non-parties. Regardless of any such provision, as ordered above, the parties shall return copies of the images of Richeson's hard drives to him by June 30, 2017.

In their resistance, plaintiffs state: "[o]nce all final settlement documents are finalized, the documents in this matter, including any evidence obtained during discovery, will be appropriately stored with other 'closed' matters . . . [if] Mr. Richeson decide[s] to sue Ripoff Report again and once again claim that he doesn't save his emails, Plaintiff will not have to repeat this maddening and expensive exercise again. . .. Counsel should be under no obligation to destroy evidence, only to then be forced to defend against a frivolous vendetta suit by Richeson." (Doc. 150, at 9-10). The Court disagrees. Plaintiffs were provided with access to a third-party's property pursuant to a subpoena lawfully issued in connection with the current lawsuit. Once this lawsuit is settled or otherwise dismissed, plaintiffs have no right to retain property obtained in connection with this lawsuit simply because it anticipates future litigation involving Richeson.

Moving on to Richeson's request for a $1,000 monetary sanction against plaintiffs' attorney Joel Robbins, the Court denies this. Under Rule 11, sanctions may be imposed for filing pleadings, motions, and other papers with the court "to harass" another. FED. R. CIV. P. 11 (b)(1). The motion for sanctions must "describe the specific conduct that allegedly violated Rule 11(b)." FED. R. CIV. P. 11 (c)(2). After notice and a reasonable opportunity to respond by the alleged violator of Rule 11(b), the Court may impose an appropriate sanction. FED. R. CIV. P. 11 (c)(1).

Richeson makes several serious allegations throughout his motion against Joel Robbins (i.e., extortion of a federal witness). To the Court's best understanding, this motion only pertains to Richeson's claim that plaintiffs' third subpoena violated Rule 11(b) as it sought irrelevant information and its only purpose was to harass him. Richeson alleges that only the files on his Macbook Pro were relevant, and that the third subpoena sought unresponsive information from his hard drives. Overall, the Court finds that although Joel Robbins did not respond to this instant motion, this motion is similar and related to the above motion requiring no response. There is no evidence before the Court that Joel Robbins issued the third subpoena for an improper purpose. In fact, plaintiffs' response (Doc. 150) to the first motion, points to the April 5 deposition testimony of Richeson where he stated he does not retain his emails. These emails include emails between Richeson and Ben Smith and other critics of the Ripoff Report. These emails were relevant. Plaintiffs contend they sought to copy his hard drives to uncover his emails. A search of Richeson's hard drives would have allowed plaintiffs to test the veracity of his testimony, which is another proper purpose.

Therefore, the Court finds a sanction inappropriate.

## IV. CONCLUSION

For the reasons stated herein, the Court **grants in part and denies in part** non-party Richeson's pro se motion (Doc. 149) to limit plaintiffs' access to the copied hard drives to preserve Richeson's client and family member data, and his motion (Doc. 151) for an order requiring plaintiffs to destroy the copies of the hard drives and to sanction plaintiffs' attorney. The Court finds Richeson did not properly seek limitation of access to the hard drives when subpoenaed. Nevertheless, as this case has settled, the Court **orders** the parties to return to Richeson the copies of the hard drives and anything else obtained from Richeson by June 30, 2017. The Court further **orders** the parties to include in their settlement agreement language addressing the disposition of documents or material obtained from third parties during this litigation. Finally, the Court **denies** Richeson's motion for sanctions.

**IT IS SO ORDERED** this 23rd day of May, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa

8